**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  05-cv-02605-WYD-BNB

REGINA HENRY;
DAN HENRY;
SHERRI MILLER;
KRYSTAL SULLIVAN; and,
DELORES SULLIVAN

Plaintiffs,

v.

BRIDGESTONE CORPORATION; and,
BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, formerly
 BRIDGESTONE/FIRESTONE, INC.

Defendants.

_____

**STIPULATED PROTECTIVE ORDER AND AGREEMENT BETWEEN PLAINTIFFS
AND DEFENDANTS RE:  PRESERVATION AND TESTING OF TIRES**
_____

Plaintiffs, REGINA HENRY, DAN HENRY, SHERRI MILLER, KRYSTAL SULLIVAN, and DELORES SULLIVAN ("plaintiffs"), Defendant, BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, ("Firestone"), and Defendant BRIDGESTONE CORPORATION (collectively referred to as "the parties") hereby agree and stipulate as follows:

WHEREAS, Plaintiffs have filed a lawsuit alleging claims for strict products liability and negligence against Bridgestone and Firestone. The lawsuit alleges that a motor vehicle accident occurred involving a 1998 Pontiac Firebird due to failure of a Bridgestone Potenza RE 900 tire

and that plaintiffs sustained injuries and damages as a result. It is alleged that Bridgestone and Firestone are liable to the plaintiffs' for their injuries and damages sustained as a result of the motor vehicle accident.

WHEREAS, Plaintiffs and/or their designated representatives and/or attorneys are currently in possession, custody and control of the 1998 Pontiac Firebird and its tires, including the Bridgestone Potenza RE 900 tire alleged to have been defective.

WHEREAS, the parties are desirous of making mutually agreeable arrangements for the parties and/or their designated representatives and/or attorneys to inspect the products at issue in the case, including the subject vehicle, the subject tire, any other tire, and/or any other component of the vehicle or tires ("subject products"). The parties are also desirous of preserving these subject products for purposes of this litigation.

WHEREAS, the parties mutually agree that the subject products should be preserved and that there should be no destructive testing, destructive analysis, or any modification or alteration in any manner of the subject vehicle, subject tire and rim, tread components, or any other vehicle component by any party, its respective agents or experts, or any other person.

WHEREFORE, the parties hereby agree and covenant, and the Court hereby orders that:

1. Plaintiffs and/or its designated representatives and/or attorneys shall continue to maintain and preserve the subject products in their present condition.

2. The parties may make mutually agreeable arrangements to have the subject products inspected by the parties, their respective designated representatives and/or attorneys. Specifically, Firestone may make arrangements to obtain the subject tire, other tires, rim(s) or wheels, and/or tire or tread components, in order to ship to Firestone's offices in Akron, Ohio, for inspection and non-destructive analysis, under mutually agreeable terms to be defined at a later date. Firestone may have possession of the subject tire (and any other component shipped), for a reasonable time, not to exceed 60 days from date of receipt of the tire and other components shipped. During that time, Firestone may visually and photographically inspect and analyze the subject tires and wheels.

3. There shall be no destructive testing, destructive analysis, or any modification or alteration in any manner of the tires or other components by Firestone, its respective agents or experts, or by any other party, while in the possession of Firestone. The tires may be dismounted from the rims to allow inspection of the inside of the tires. Dismounting the tires from the rims will not constitute a violation of this Protective Order or the foregoing limits on testing and analysis.

4. Once the inspection of the tires and wheels is complete, Firestone will return the tires and wheels/rims to Plaintiffs' designated representatives or attorneys, under mutually agreeable terms to be defined at a later date. Upon return of the tires and other products so identified, Plaintiffs or their designated representatives will maintain and preserve such products until such time as is mutually agreed upon.

5. There shall be no disassembly, destructive testing, destructive analysis, or any modification or alteration in any manner of any of the subject products by any party or its experts, or by any other person, except by prior agreement of the parties. The sole ~~arguable~~ exception to the foregoing is that the tires may be removed from the rims or wheels as referenced in this Protective Order.

| | |
|---|---|
| Dated this 26th day of April, 2006.<br><br>*s/William C. Marlin*<br>_____<br>Frank W. Coppola, Esq.<br>William C. Marlin, Esq.<br>Michael T. Leinz, Esq.<br>Coppola & Marlin, P.C.<br>3010 East 6th Avenue<br>Denver, CO 80206<br>303-573-7777<br>Frank@CoppolaMarlin.com<br>Bill@CoppolaMarlin.com<br>Michael@CoppolaMarlin.com<br><br>ATTORNEYS FOR PLAINTIFFS,<br>REGINA HENRY, DAN HENRY, SHERRI MILLER, KRYSTAL SULLIVAN, and | Dated this 28th day of April, 2006.<br><br>*s/James W. Britt*<br>_____<br>James W. Britt, Esq.<br>Peter C. Middleton, Esq.<br>Hall & Evans, L.L.C.<br>1125 17th Street, Suite 600<br>Denver, CO 80202<br>303-628-3300<br>brittj@hallevans.com<br>middletonp@hallevans.com<br><br>ATTORNEYS FOR DEFENDANT,<br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC |

| | |
|---|---|
| DELORES SULLIVAN<br><br>Dated this 25th day of April, 2006.<br><br>*s/Thomas J. Overton*<br>_____<br>Thomas J. Overton<br>The Overton Law Firm<br>1080 Kalamath St.<br>Denver, CO 80204<br>303-832-1120<br>tom.overton@overtonlawfirm.com<br><br>ATTORNEYS FOR BRIDGESTONE CORPORATION | |

Dated May 1, 2006.

BY THE COURT:

 s/ Boyd N. Boland               
United States Magistrate Judge

S:\Bnbsec\2005\Protective Orders - 2005\2605.doc